# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**LARRY JEROME WILLIAMS,**

    **Petitioner,**

v.                                                          Case No. 5:19cv543-TKW/MAF

**STATE OF FLORIDA,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On December 1, 2019, Petitioner Larry Jerome Williams, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After direction from this Court, ECF No. 5, Williams filed an amended § 2254 petition, ECF No. 6. On May 21, 2020, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 16. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 15.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The

pleadings and attachments before the Court show the petition should be dismissed as untimely. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Larry Jerome Williams indicates he challenges his conviction and sentence entered December 7, 2010, by the Fourteenth Judicial Circuit, Jackson County, Florida, following a jury trial in case number 10-38-CF. ECF No. 6 at 1-2; Ex. 16-1 at 9-14.[1] In particular, on December 1, 2010, the jury found Williams guilty as charged on two counts: (1) robbery with a firearm; and (2) aggravated assault with a firearm on a law enforcement officer. Ex. 16-1 at 6-7. The jury specifically found that, during the commission of the offenses, Williams actually possessed a firearm. *Id*. The trial court adjudicated him guilty and sentenced him to life in prison on the first count and fifteen (15) years in prison on the second count, to run consecutive. *Id*. at 9-14.

Williams appealed his conviction and sentence to the First District Court of Appeal (First DCA), assigned case number 1D11-69. Ex. 16-1 at

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motions to dismiss, ECF No. 16.

16.   A review of the online docket for the First DCA reveals that counsel for Williams filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Williams filed a pro se brief.  See onlinedocketsdca.flcourts.org.  On February 16, 2012, the First DCA affirmed the case without a written opinion. ECF No. 16-1 at 16; Williams v. State, 80 So. 3d 1027 (Fla. 1st DCA 2012) (table).

On September 12, 2013, Williams filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. 16-2 at 2.  After the state post-conviction court struck the motion as insufficiently pled, Williams filed three amended Rule 3.850 motions, with the final amended motion raising two claims of ineffective assistance of counsel. See id. at 3; ECF No. 16 at 2.  By order rendered August 26, 2014, the state post-conviction court summarily denied both grounds.  Ex. 16-2 at 3-6.

Williams appealed the order denying post-conviction relief to the First DCA, assigned case number 1D14-4254.  Ex. 16-2 at 7; see onlinedocketsdca.flcourts.org.  On January 6, 2015, the First DCA per curiam affirmed the case without a written opinion.  Ex. 16-2 at 10; Williams v. State, 158 So. 3d 572 (Fla. 1st DCA 2015) (table).  The mandate issued March 24, 2015, following the denial of Williams' motion for rehearing. Ex. 16-2 at 12; onlinedocketsdca.flcourts.org.

As indicated above, on December 1, 2019, Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. ECF No. 1. He subsequently filed an amended § 2254 petition. ECF No. 6. Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 16. Williams has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 15.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. *Id.* § 2244(d)(1)(A). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, Williams appealed his conviction and sentence, and the First DCA per curiam affirmed the case, without a written opinion, on February 16, 2012. Ex. 16-1 at 16. Williams did not seek further review; thus, his conviction became final for federal habeas purposes on May

18, 2012, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). Williams had one year thereafter, or until May 18, 2013, to file his federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

As indicated above, Williams did not file anything until September 12, 2013, when he submitted his first Rule 3.850 motion in state court. See ECF No. 16-2 at 2; ECF No. 16-3 at 4. By this time, however, his AEDPA one-year limitations period had already expired and, therefore, this filing, or anything filed thereafter, could not toll that limitations period. *See, e.g.*, Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order

for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Because Williams did not file a § 2254 petition or state post-conviction motion within the one-year AEDPA limitations period, his petition is untimely, as argued by Respondent. 28 U.S.C. § 2244(d).

## Conclusion

Accordingly, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 16, be **GRANTED**, and Petitioner's amended § 2254 petition, ECF No. 6, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion

Case 5:19-cv-00543-TKW-MAF   Document 17   Filed 08/20/20   Page 8 of 8

Page 8 of 8

to dismiss (ECF No. 16) be **GRANTED** and the amended § 2254 petition (ECF No. 6) be **DISMISSED as untimely.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 20, 2020.

> S/ Martin A. Fitzpatrick
> MARTIN A. FITZPATRICK
> UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**